UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ANGELINA BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 1:06-cv-00192 |
| v. | ) | |
| | ) | Chief U.S. District Judge Curtis L. Collier |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Before the Court is Defendant's motion for summary judgment (Court File No. 17). Plaintiff has filed a response (Court File No. 24). Since Plaintiff does not contest the motion all necessary responses have been received and this matter is now ripe for decision.

## I.    FACTS AND PROCEDURAL HISTORY

This matter concerns a slip and fall which Plaintiff alleges occurred at Wal-Mart Supercenter located at 5764 Highway 153, Hixson, Tennessee (Court File No. 1, Ex.A, "Complaint" ¶ 3). Plaintiff alleges Defendant negligently allowed water to accumulate on the concrete floor of the entrance to the Hixson store (Complaint ¶ 6). Plaintiff alleges as a result she slipped and fell and sustained damages of at least $750,000 (Complaint ¶¶ 8, 15). Plaintiff filed this case in Hamilton County Circuit Court on August 3, 2006, Defendants removed the action on September 6, 2006 (Court File No. 1).

## II.    STANDARD OF REVIEW

Plaintiff moves for summary judgment under Fed. R. Civ. P. 56(b). Summary judgment is

proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III.    DISCUSSION

A claim of negligence in Tennessee requires proof of "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal cause." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Proximate cause is "that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted." *Tenn. Trailways, Inc. v. Ervin*, 438 S.W.2d

733, 735 (Tenn. 1969). "Medical causation and permanency of an injury must be established in most cases by expert medical testimony." *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). In order for an expert opinion to be admissible under Fed. R. Evid. 702 the expert must be willing to testify to a reasonable degree of medical certainty[1]. Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 702.06[2][c][1] (2d. ed. 1997).

Defendant moves for summary judgment by pointing out that "as a matter of law, Plaintiff cannot prove the proximate cause of her claimed injuries" (Court File No. 18 at 2). Plaintiff in reply concedes she has "no countervailing law or evidence that would sustain her burden of proof in this cause" (Court File No. 24 at 1). Plaintiff further states she "has no proof of causation in fact and proximate cause of injury to a reasonable degree of certainty that would be sufficient to oppose the defendant's motion for summary judgment." (*Id*. at 2).

Since Plaintiff cannot present admissible evidence of causation, a necessary element of a negligence suit, no reasonable juror could find liability against Defendant. Therefore summary judgment for Defendant is appropriate.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants motion for summary judgment (Court File No. 17). An order will enter.

---

[1]Plaintiff cites a Tennessee case in which a court granted summary judgment because an Expert could not "substantially assist the jury" as required by the Tennessee rule of evidence. *Primm v. Wickes Lumber Co.*, 845 S.W.2d 768, 770 (Tenn. Ct. App. 1992). Because motions for summary judgment under the Tennessee rules, like the Federal Rules, must be supported by admissible evidence once the court found this evidence inadmissible Plaintiff could not sustain his burden. *Id*. at 771; See also Tenn. R. Civ. P. 56.06. The Tennessee court did note the burden for admissible evidence under the Tennessee rules of evidence is higher than the Federal rule. *Primm*, 845 S.W.2d at 770. Fortunately for Defendant the standards in this area of the law are similar, but even in diversity the Federal Rules determine the admissibility of expert opinions.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**